CLD-038                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1834
_____

KAREEM HASSAN MILHOUSE,

                                      Appellant

v.

FRANCIS FASCIANA;
ALAMA; KEVIN PIGOS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-01973)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 2, 2017

Before: CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: January 22, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kareem Hassan Milhouse[1] appeals from an order of the United States District Court for the Middle District of Pennsylvania, which denied his motion for a preliminary injunction. Because no substantial question is raised by the appeal, we will summarily affirm the District Court's order.

In October 2014, Milhouse filed a complaint in the District Court complaining of inadequate medical treatment at the federal prison in Lewisburg, Pennsylvania. Milhouse then filed a number of motions for injunctions. His first four such motions were dismissed for failure to file a brief in support. See Order, Dkt. #45 (dismissing, among others, motions docketed at #18, #26, #32, and #35). Milhouse then filed an "Amended Motion for Preliminary Injunction," Dkt. #46, followed by a brief in support, Dkt. #50. Milhouse complained that he suffered from a painful lower back condition. He asked the Court to direct the prison to "(1) conduct chronic care clinic that [he] was scheduled for Sept 30, 2015, (2) place [him] in a medical cell, (3) issue lower bunk and double mattress pass and/or, (4) transfer to medical institution." Dkt. #46 at 2. After receiving the Defendants' response, the District Court addressed that motion on the merits. The District Court denied relief because "Milhouse's medical records provided by [a prison doctor], as well as Milhouse, demonstrate that Milhouse is receiving medical care and treatment by way of medications and frequent encounters with medical personnel," and that the records "do not evince an inmate suffering a medical condition of such imminent

---

[1] We note that Appellant's name is spelled with two "Ls" in some of his cases; i.e., "Millhouse"—we will follow the District Court's spelling for this appeal.

degenerative or life threatening severity which would require a transfer to a medical institution." Dkt. #56 at 10.  The Court concluded that Milhouse had not "made a strong showing that he is likely to prevail on the merits," and that he had "not alleged facts from which it can be concluded that he will suffer irreparable injury if preliminary injunctive relief is denied." Id. at 12-13.

In February 2016, Milhouse filed another motion for a preliminary injunction and supporting brief.  The District Court denied the motion, finding that it was repetitive, as it raised the same issues raised in Milhouse's earlier motion.  Dkt. #63.[2]  The next month, Milhouse filed the motion for preliminary injunction and supporting brief at issue here. See Dkt. ##65, 66.  The District Court found that it raised "essentially the same issues he raised in prior motions," and, incorporating by reference its order of November 30, 2015 (Dkt. #56), it denied the motion and imposed monetary sanctions.  Dkt. #70.  Milhouse appealed.

To the limited extent that Milhouse appeals the denial of his motion for a preliminary injunction, we have jurisdiction under 28 U.S.C. § 1292(a)(1).[3]  We "review

---

[2] The order also warned Milhouse that "if he continues to file multiple motions raising the same issues which have no merit, the court will consider imposing Rule 11 sanctions on him, including a monetary sanction which will be deducted from his prison trust fund account." Id. at 2 n.1.

[3] The order appealed also imposed $100 in sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Because no final order has been entered in the District Court litigation, we lack jurisdiction to consider that aspect of the order.  See Cunningham v. Hamilton County, 527 U.S. 198, 206, 210 (1999) (sanctions order may be effectively

the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).  Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we may summarily affirm if an appeal presents no substantial question.

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24.  Furthermore, a prisoner's request for injunctive relief must "be viewed with great caution" because of the "intractable problems of prison administration." See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In denying the motion for a preliminary injunction, the District Court, by incorporating its order docketed at #56, ruled that Milhouse had failed to demonstrate a likelihood of success on the merits, and that he had not shown that he would suffer irreparable harm absent imposition of a preliminary injunction.  We conclude that the District Court properly denied the extraordinary relief requested here because, based on his filings, Milhouse had not made a strong showing of likely success on the merits—it appeared that his complaints concerned disagreement with the treatment he was

---

reviewed on appeal from a final judgment and is not a "final decision" under 28 U.S.C. § 1291).

receiving, rather than deliberate indifference.  See, e.g., Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (disagreement as to proper medical treatment insufficient to state Eighth Amendment claim).  Further, he had failed to establish that he would suffer irreparable harm absent injunctive relief.  See Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000) (risk of irreparable harm must not be speculative); see also Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any element . . . renders a preliminary injunction inappropriate.") (internal quotation marks and citations omitted).

    We conclude that the District Court did not abuse its discretion in denying Milhouse's motion for a preliminary injunction.  Because Milhouse's appeal does not present any substantial question, we will affirm the District Court's order.