IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| Plaintiff | : | |
| | : | No. 1:14-cv-01973 |
| v. | : | |
| | : | (Judge Kane) |
| **FRANCIS FASCIANA, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

**I.  BACKGROUND**

Plaintiff Kareem Hassan Milhouse ("Plaintiff"), an inmate currently incarcerated at the United States Penitentiary at McCreary, Pine Knot, Kentucky ("USP-McCreary"), filed this Bivens-styled action on October 10, 2014. (Doc. No. 1.) On March 21, 2016, the Court denied Plaintiff's seventh motion for a preliminary injunction in this matter. (Doc. No. 70.) Plaintiff appealed that Order to the United States Court of Appeals for the Third Circuit on April 5, 2016. (Doc. No. 75.) Subsequently, on April 19, 2016, this Court issued an Order staying this matter pending the outcome of Plaintiff's appeal. (Doc. No. 87.) In its April 19, 2016 Order, this Court specifically provided that this matter was stayed other than with respect to the filing of Defendants' answer or other responsive pleading. (Id.) The Order stated that if "Defendants file a dispositive motion in lieu of an answer, the Defendants['] supporting brief, statement of facts, etc., will be due within 45 days of the date the Court of Appeals issues its decision." Id. On May 4, 2016, Defendants filed a motion for summary judgment in lieu of an answer. (Doc. No. 89.)

On January 22, 2018, the Third Circuit affirmed this Court's March 21, 2016 denial of Plaintiff's motion for a preliminary injunction. (Doc. No. 125.) Accordingly, Defendants' supporting brief and statement of facts were due on or before March 8, 2018. On March 20,

1

2018, the Court issued an Order directing Defendants to file their brief and statement of facts in accordance with Local Rule 56.1 within ten days of said Order. (Doc. No. 127.) Defendants filed their brief in support and statement of facts on March 23, 2018. (Doc. Nos. 128, 129.) On April 5, 2018, Plaintiff filed a motion for an extension of time to file a brief in opposition (Doc. No. 130), a motion to reinstate docket numbers 64, 82, 93, and 94 (Doc. No. 131), and a brief in support of his motion to reinstate (Doc. No. 132).

Plaintiff requests that this Court reinstate his: (1) motion to amend/supplement his complaint to add additional claims against Defendants and also to add additional Defendants and new claims (Doc. No. 64); (2) brief in support of his motion to amend/supplement his complaint (Doc. No. 82); (3) second motion to amend/supplement his complaint (Doc. No. 93); and (4) brief in support of his second motion to amend/supplement his complaint (Doc. No. 94). This Court deemed Plaintiff's motion to amend/supplement his complaint (Doc. No. 64), withdrawn due to Plaintiff's failure to file a supporting brief pursuant to Local Rule 7.5 (Doc. No. 74). The Court denied Plaintiff's second motion to amend/supplement (Doc. No. 93), as Plaintiff had previously filed an appeal with the Third Circuit, and that appeal was currently pending. (Doc. No. 99.)

II.     **LEGAL STANDARDS**

Plaintiff's motion to reinstate necessitates that the Court analyze his motion to amend/supplement. Federal Rule of Civil Procedure 15 states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when the justice so requires." Fed. R. Civ. P. 15(a). Whether to grant or deny such a motion is within the district court's discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). A

2

court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003). Mere delay will not warrant the denial of a motion for leave to amend "absent a concomitant showing of undue prejudice or bad faith." Zygmuntowicz v. Hospitality Invs., Inc., 151 F.R.D. 53, 55 (E.D. Pa. 1993). Prejudice has been defined as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." Id.

Further, an application for leave to file a supplemental pleading, like an application for leave to amend a complaint, is considered within the sound discretion of the trial court. Bates v. Western Elec., 420 F. Supp. 521, 525 (E.D. Pa. 1976). Factors to be considered by the Court include whether supplementation will promote the economic and speedy disposition of the entire controversy, whether supplementation will unnecessarily delay or inconvenience the resolution of the matter, and whether supplementation will prejudice the rights of the parties to the action. Id.

### III. DISCUSSION

#### A. Plaintiff's Motion to Reinstate

The Court finds difficulty in considering Plaintiff's brief in support of his motion to reinstate (Doc. No. 132), as anything resembling a proper brief in support of his motion. See Local Rule 7.8 (providing that "[b]riefs shall contain complete citations of all authorities relied upon"). Plaintiff's brief contains five sentences setting forth a brief procedural history of the case and two sentences requesting that this Court reinstate Docket Numbers 64, 82, 93, and 94. (Doc. No. 132.) Accordingly, it contains no factual or legal argument or citations in support of

his motion. While the Court could deem Plaintiff's motion to reinstate withdrawn, it will deny the motion to reinstate on the merits of the motion.

Plaintiff seeks to reinstate a previous motion to supplement and amend his complaint by asserting additional claims against the named Defendants, and setting forth additional Defendants and claims against the proposed new Defendants. (Doc. No. 64.) However, upon careful consideration of the factors outlined above regarding both amendments to a complaint and supplements to a complaint, the Court is constrained to deny the motion to reinstate, as allowing Plaintiff to amend or supplement his complaint at this stage of the instant litigation would not promote the interests of justice in the disposition of the case, would cause undue delay, and would unfairly prejudice Defendants.

Moreover, in reviewing Plaintiff's proposed amended/supplemental complaint (Doc. No. 64 at 2-3), the claims Plaintiff wishes to add against the named Defendants and the proposed Defendants involve a purported failure to provide or treat a back/spine condition experienced by Plaintiff. (Id.) This claim is vastly different than the conduct complained of in Plaintiff's instant complaint. (Id.) Additionally, the proposed amended/supplemented incidents appear to have occurred beginning in 2010, four years prior to the date that Plaintiff filed the instant complaint and more than six years prior to the date Plaintiff filed his motion to amend/supplement. (Id.) To the extent that Plaintiff argues that the amendments relate back pursuant to Federal Rule of Civil Procedure 15(c), the Court rejects such an argument.

Federal Rule of Civil Procedure 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when":

> (A) the law that provides the applicable statute of limitations allows relation back;

4

(B) the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Courts interpret Rule 15(c) as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to add a newly named defendant. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186 (3d Cir. 2001). The party seeking to amend must meet all of the following requirements: (1) the claim or defense asserted by the proposed amendment must arise out of the conduct, transaction, or occurrence set out in the original pleading; (2) the new party named in the amended pleading must have received such notice of the action that it will not be prejudiced; (3) the new party either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the notice and knowledge factors must be satisfied within the 90 – day period provided for service of the original complaint. Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003); see also Fed. R. Civ. P. 4(m).

The claims set forth in Plaintiff's motion to amend/supplement do not arise out of the conduct, transaction, or occurrence set forth in Plaintiff's complaint because the dates and claims are drastically different between the complaint and proposed amendment. There is no indication

5

that the proposed Defendants received any notice of the instant action, and Plaintiff does not provide any support for his argument. Additionally, the Court finds that the proposed Defendants could not have known, nor should they have known, that the instant action would have been initiated against them, as Plaintiff's complaint, compared to his proposed amendment, stems from different conduct during widely different periods of time. Moreover, as Plaintiff has failed to file a satisfactory brief in support of his motion, he makes no mention that his failure to name the proposed Defendants as Defendants in his original complaint was a result of a mistake. Additionally, Plaintiff does not argue that the proposed Defendants knew, or why they should have known, that they would have been named in the action. See Brown v. Edinger, No. 14-cv-1133, 2015 WL 3542927 (M.D. Pa. June 4, 2015); see also Garvin, 354 F.3d at 221-22 ("[O]f course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time."). Based on the foregoing, Plaintiff fails to meet the criteria articulated in Rule 15(c) so as to warrant amendment of his complaint. Accordingly, his motion to reinstate will be denied.

### B. Plaintiff's Motion for an Extension of Time

Plaintiff also seeks an extension of six months in which to file a brief in opposition to Defendants' motion for summary judgment. (Doc. No. 130.) Because this Court is responsible for the orderly and expeditious management of its cases, the Court finds that a six month extension is not warranted. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Rather, the Court will grant Plaintiff a sixty-day extension of time, as explained below, in which to file a brief in opposition to Defendants motion for summary judgment.

### C. <u>Paladino</u> Notice

Recently, the United States Court of Appeals for the Third Circuit rendered a decision in <u>Paladino v. Newsome</u>, 885 F.3d 203 (3d Cir. Mar. 16, 2018), requiring that district courts place parties on notice of their intent to consider whether a plaintiff has exhausted his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), in its role as factfinder under <u>Small v. Camden Cty.</u>, 728 F.3d 265 (3d Cir. 2013). <u>Paladino</u>, 885 F.3d at 211. The Third Circuit further held that in addition to complying with this notice requirement, a district court must also provide the parties with an opportunity to respond, leaving within the district court's discretion the ability either to conduct an evidentiary hearing on the issue of exhaustion, or to allow the parties an opportunity to submit materials relevant to the issue of exhaustion that are not already before the district court. <u>Id.</u>

Accordingly, because Defendants have filed a motion for summary judgment, in support of which they assert that Plaintiff has failed to exhaust his administrative remedies (Doc. Nos. 89, 129), the Court intends to consider the issue of exhaustion, which mandates that the Court review and consider matters outside the pleadings. Defendants will be afforded an opportunity to supplement their summary judgment materials to provide the Court with any further materials relevant to exhaustion that are not already before the Court. Within sixty days of Defendants filing their supplemental materials, Plaintiff will be ordered to file a brief in opposition to Defendants' motion for summary judgment and statement of material facts that specifically responds to the numbered paragraphs in Defendants' respective statement of material facts. <u>See</u> Local Rule 56.1. Additionally, Plaintiff shall submit any materials relevant to the exhaustion issue.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion to reinstate (Doc. No. 131), grant in part Plaintiff's motion for an extension of time to file a brief in opposition to Defendants' motion for summary judgment (Doc. No. 130), and place the parties on notice pursuant to Paladino, that the Court will consider exhaustion of Plaintiff's administrative remedies as a factfinder under Small, and provide the parties with an opportunity to submit materials relevant to exhaustion that are not already before the Court. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania