# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| Plaintiff | : | |
| | : | No. 1:14-cv-01973 |
| v. | : | |
| | : | (Judge Kane) |
| **FRANCIS FASCIANA, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

## I. BACKGROUND

Pro se Plaintiff Kareem Hassan Milhouse ("Plaintiff"), an inmate currently incarcerated at the United States Penitentiary at McCreary, in Pine Knot, Kentucky ("USP-McCreary"), filed this action pursuant to 28 U.S.C. § 1331 and Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977), on October 10, 2014. (Doc. No. 1.) Named as Defendants are Physician Assistants Francis Fasciana and Ferdinand Alama, as well as Doctor Kevin Pigos from the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). (Id. at 1-2.)

After service of the complaint was ordered (Doc. No. 10), Plaintiff filed multiple motions for preliminary injunctions. (Doc. Nos. 17, 18, 26, 46, 61, 65, 96.) On March 21, 2016, the Court denied Plaintiff's seventh motion for a preliminary injunction. (Doc. No. 70.) Plaintiff appealed that Order to the United States Court of Appeals for the Third Circuit on April 5, 2016. (Doc. No. 75.) On April 19, 2016, this Court issued an Order staying this matter pending the outcome of Plaintiff's appeal. (Doc. No. 87.) On May 4, 2016, Defendants filed a motion for summary judgment. (Doc. No. 89.)

On January 22, 2018, the Third Circuit affirmed this Court's March 21, 2016 denial of Plaintiff's motion for a preliminary injunction. (Doc. No. 125.) Defendants filed their brief in

support of their motion for summary judgment (Doc. No. 129), and statement of facts (Doc. No. 128), on March 23, 2018.  On May 21, 2018, observing that Defendants raised the issue of whether Plaintiff exhausted his administrative remedies, the Court issued a Paladino Order,[1] informing the parties that it would consider the exhaustion issue in the context of summary judgment and that by doing so, it would consider matters outside the pleadings in its role as factfinder.  (Doc. Nos. 137, 138.)  Defendants filed supplemental materials in accordance with this Court's May 21, 2018 Order on June 4, 2018.  (Doc. Nos. 139, 140.)  Plaintiff was granted a sixty (60) day extension of time in which to file his oppositional materials, which established August 4, 2018 as the deadline for his submissions.  (Doc. No. 138.)  Plaintiff subsequently filed two motions for an extension of time (Doc. Nos. 141, 145), which this Court granted to the extent that Plaintiff was directed to file his oppositional materials on or before September 21, 2018.  (Doc. No. 151.)  To date, Plaintiff has not filed any oppositional materials with the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law.  Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if

---

[1] Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018).

the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. White, 862 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his

3

favor. Id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, Civ. No. 09-1384, 2010 U.S. Dist. LEXIS, *15 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, Civ. No. 02-01854, 2006 U.S. Dist. LEXIS 64347, at *11 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

### III. DISCUSSION[2]

Plaintiff alleges that Defendants at USP-Lewisburg were deliberately indifferent to his serious medical needs and denied him medical treatment. (Doc. Nos. 128 ¶ 1, 139 ¶ 1.) The BOP has established an Administrative Remedy Program for inmates to resolve concerns related

---

[2] Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Unless otherwise noted, the factual background herein is derived from Defendant's Rule 56.1 statement and supplemental statement of material facts. (Doc. Nos. 128, 139.) Plaintiff has failed to file a response to Defendants' statement of material facts in compliance with M.D. Pa. L.R. 56.1. Accordingly, the Court deems the facts set forth by Defendants to be undisputed. See M.D. Pa. LR 56. 1; Fed. R. Civ. P. 56(e)(2).

to their confinement. (Id. ¶ 2.) To fully exhaust administrative remedies, an inmate must first attempt to resolve his concerns via an informal request to staff. (Id. ¶ 3.) If informal resolution is unsuccessful, the inmate may file an administrative remedy request with the Warden on the proper form within 20 calendar days. (Id. ¶ 4.) If the inmate is not satisfied with the Warden's response, he may appeal to the BOP Regional Office utilizing a BP-10 form within 20 calendar days. (Id. ¶ 5.) If still dissatisfied, the inmate may file a final appeal to the BOP Central Office using a BP-11 form within 30 calendar days. (Id. ¶ 6.) If the inmate does not receive a response to his administrative remedies/appeals within the time allotted for reply, he may consider the absence of a response to be a denial at that level. (Id. ¶ 7.) An inmate will not be deemed to have fully exhausted his administrative remedies until the BOP Central Office has denied his grievance. (Id. ¶ 8.)

Plaintiff has filed over forty (40) administrative remedies since his arrival at USP-Lewisburg. (Doc. No. 139 ¶ 9.) On October 10, 2014, Plaintiff filed his complaint in this instant matter. (Id. ¶ 10.) The only administrative remedy filed related to Plaintiff's complaint is remedy number 791649-F1, which was filed on August 26, 2014. (Id. ¶ 11.) Remedy number 791649-F1 was denied by the institution on September 2, 2014. (Id. ¶ 12.) Plaintiff appealed to the Northeast Regional Office, which denied the appeal on October 17, 2014. (Id. ¶¶ 13, 14.) Subsequently, Plaintiff appealed to the Central Office on November 3, 2014, which closed the remedy on October 14, 2015. (Id. ¶ 16.) The BOP records of the administrative remedies reveal that Plaintiff subsequently exhausted remedy number 791649-F1 after filing the instant complaint in this action. (Id. ¶ 17.) Plaintiff would have been able to consider the lack of a response within forty days from the Central Office as a denial on December 13, 2014. (Id. ¶ 18.)

5

Defendants seek the entry of summary judgment against Plaintiff for his failure to properly exhaust his administrative remedies prior to filing the instant action. (Doc. Nos. 129 at 10, 140 at 6.) Under the Prison Litigation Reform Act ("PLRA"), a prisoner must pursue all available avenues of relief through the applicable grievance system before initiating a federal civil rights action. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997e provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); Booth, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); see also Petrucelli v. Hasty, 605 F. Supp. 2d 410 (E.D. N.Y. 2009) (providing that the PLRA's exhaustion requirement applies to Bivens claims).

The Third Circuit has further provided that there is no futility exception to Section 1997e's exhaustion requirement. See Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000). Courts have typically required across-the-board exhaustion by inmates seeking to pursue claims in federal court. See id. Additionally, courts have interpreted this exhaustion requirement as including a procedural default component, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding with a claim in federal court. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court

consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have also concluded that inmates who fail to complete the prison grievance process in a full and timely manner are barred from subsequently litigating claims in federal court. See, e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008).

This broad rule favoring full exhaustion allows for a narrowly-defined exception; if the actions of prison officials directly caused the inmate's procedural default as to a grievance, the inmate will not be required to strictly comply with this exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). However, courts also recognize a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will be excused only "under certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." See Warman, 49 F. App'x at 368.

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances warranting a departure from strict compliance with the exhaustion requirement, courts frequently reject inmate requests for excusal of their failure to exhaust. An inmate, therefore, cannot excuse a failure to comply with these grievance procedures in a timely manner by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. See Harris, 149 F. App'x at 59. Furthermore, an inmate cannot avoid this exhaustion requirement by merely alleging that the administrative policies were not clearly explained to him. Warman, 49 F. App'x at 368.

7

Consequently, an inmate's confusion regarding these grievances procedures does not, alone, excuse a failure to exhaust. See Casey v. Smith, 71 F. App'x 916 (3d Cir. 2003); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)).

The record before the Court reveals that the only administrative remedy filed by Plaintiff that is related to the instant matter is remedy number 791649-F1. (Doc. No. 139 ¶ 11.) The remedy was filed by Plaintiff on August 26, 2014. (Id.) It was denied by the institution on September 2, 2014 (id. ¶ 12), and Plaintiff appealed to the Northeast Regional Office on September 19, 2014 (id. ¶ 13). The Northeast Regional Office denied the appeal on October 17, 2014 (id. ¶ 14), and Plaintiff appealed to the Central Office on November 3, 2014 (id. ¶ 15). However, Plaintiff filed the instant action on October 10, 2014, during the pendency of the administrative remedy process. (Id. ¶ 10; Doc. No. 1.)

Further, the undisputed facts and evidence of record demonstrate that Plaintiff failed to exhaust his administrative remedies prior to filing this instant action. (Id. ¶¶ 10-17; Doc. No. 1.) It was only after Plaintiff's complaint was filed that administrative remedy 791649-F1 was exhausted. However, Plaintiff cannot satisfy the exhaustion requirement by subsequently exhausting his current claims while his present action is pending with this Court. See Robles v. Casey, No. 1:cv-10-2663, 2012 WL 383823, at *12 (M.D. Pa. Jan. 4, 2012); Spruill, 372 F.3d at 227 (inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding with a claim in federal court); Oriakhi, 165 F. App'x at 993 (providing that "a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Consequently, Defendants' motion

for summary judgment will be granted, as the record demonstrates that Plaintiff failed to exhaust these claims prior to initiating the instant action. See Robles, 2012 WL 383823, at *12; Oriakhi, 165 F. App'x at 993.

## IV. CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 89), will be granted. An appropriate Order follows.